SEP 11 2019
Clerk, U.S. Courts
District of Montana
Missoula Division

UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
HELENA DIVISION

STEPHEN P. KELLY,
800 N. Oregon Street, #214,
Helena, MT 59601,
 Plaintiff,

vs.

ROBIN LAFLEUR, individually,
P.O. Box 4134, Helena, MT 59604,
 Defendant.

COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF

(1)

COMES NOW the plaintiff in the above styled action and does show cause for complaint as follows:

(1) This is an action sustained by, STEPHEN P. KELLY, hereinafter, Plaintiff KELLY, and sues the defendant, ROBIN LAFLEUR, individually, alleging: (a) Racketeering and Corruption, (b) fraud with intent, (c) fraudulent withholdence of service information/address, and, (d) civil (RICO).

## PARTIES

(2) Plaintiff, STEPHEN P. KELLY, in fact exists as a consumer whom which made purchase of a camper/motor home from the named defendant, ROBIN LAFLEUR, in Helena, Montana.

(3) Individual defendant, ROBIN LAFLEUR, in fact exists as the official owner of a 2000 modle camper type motor home, sold to Plaintiff, KELLY, upon stipulated payment's.

## NATURE OF THE CASE

(4) This concise case is predicated upon the civil aspects of, (RICO), 18: 1962.

(5) The sincere nature of the case further exists where defendant most corruptively, and fraudulently, is concealing her on hands and physical address, where Plaintiff is currently unable to effect service of process upon defendant by filing of a small claims action in the local Justice court in which to seek a judgment sufficing that defendant, (a) file for, and produce a valid and competent title to the camper/motor home at which defendant sold to Plaintiff, upon

(3)

concise payment's.

## JURISDICTION AND VENUE

(6) This court obtains subject matter jurisdiction based upon the civil aspects of, (RICO) 18: 1962. (Racketeering), fraud with intent, and corruption.

(7) Federal jurisdiction further rises upon a continuous and patterned, (conspiracy)!

(8) Plaintiff, STEPHEN P. KELLY, is a resident of the State of Montana, and has been a resident of Montana at all times material to this action.

(9) Defendant, ROBIN LAFLEUR, is a resident of the State of Montana, and has been a resident of Montana at all times material to this action.

(4)

(10) Venue is proper in the district of Montana because each event giving rise to this action accrued in the district of Montana. 28 U.S.C. § 1391.

STATEMENT OF FACTS

(11) A concise and special circumstance in this case in addition suffices federal court jurisdiction based upon the unusual fruits where Plaintiff, KELLY, does not obtain any physical or residence address for defendant, LAFLEUR, where in the event that he would in fact file a small claims action in the jurisdictional Lewis and Clark county justice court, then he still yet would be unable to arrange for a civil process server, or the sheriff's civil division to effect

service of process of the small claims civil complaint upon defendant, **LAFLEUR**! However, in the event that this concise civil complaint is ordered for service upon defendant, per this honorable United States magistrate judge pursuant to F.R.C.P. (4), then service per mail by the clerk of this court would in fact suffice!

(12) For a prime example, in (Wright v. First Student INC., 710 F.3d 782, 783 8th cir. 2013. Because a plaintiff party is proceeding in forma pauperis, plaintiff is entitled to rely on service by the United States marshals service. Plaintiff, upon this concise case caption has in fact provided the necessary information sufficing service upon defendant.

It so ordered per this honorable U.S. magistrate court, then the clerk of this court

(6)

may in fact be directed to complete and sign a summons form and an official U.S.M. 285 form utilizing information provided within the civil complaint and forward the same to the United States Marshals service for service of process upon defendant, together with a copy of the civil complaint. May this court stipulate that service of process upon defendant may in fact exists per certified mail pursuant to federal Rule of civil procedure (4), and of Montana Legislation in the concise discretion of the U.S. Marshal.

(13) This concise civil complaint does in fact (clearly) establish a plausible and (cognizable) legal theory, and does in fact further allege sufficient facts in which to support and suffice a (cognizable) legal theory! (Zixiang Li v. Kerry, 710 -

(7)

___ F.3d 995, 999 (9th cir. 2013).

(14) KELLYS, complaint now articulates that during the summer month's of June, and July, 2019, he in fact made purshase of a camper type motor home from defendant, **LAFLEUR**, upon concise broken down payment's, accum into an amount of $2,500!

(15) Defendant, **LAFLEUR**, made most clear to Plaintiff, **KELLY**, that upon him satisfying the remaining ballance of an amount of, $1,500, that she, **LAFLEUR**, would in fact provide to Plaintiff, **KELLY**, an official-(clear) title to the purchased camper type motor home without further delay!

(16) upon such time at which Plaintiff, **KELLY**, in fact

(8)

arrived with the remaining financial amount owed, of $1,500, he and **LAFLEUR**, during the same summer of 2019, about the concise month of September, both of them together attended the local city-county facility located on Park avenue within the confines of the city realm of Helena.

(17) Most schocking to Plaintiff, **KELLY**, upon the instant moment at which **LAFLEUR**, presented the concise title at which she obtained to the front counter Personnel of the official Licensing bureau/office, she was clearly advised that pursuant to the concise title at which she presented, that she was legally unable to sell this concise camper type motor home to Plaintiff, **KELLY**, yet, she had already defrauded him out of, $2,500.

(9)

(18) Immediately, upon return to his residence Plaintiff, **KELLY**, entered an inquiry seeking legal advice addressed to attorney, Steven J. Shapiro in Montana City, Montana, and as Mr. Shapiro, in fact advised Plaintiff, **KELLY**, that he needed to file of a small claims action in Justice Court seeking for Judge Mike Swingley to, (a) enjoin defendant, **LAFLEUR**, from continuing to deprive Plaintiff, **KELLY**, of a clear and valid title to the purchased camper type motor home, and, (b) seeking further judgment per Justice Court, that defendant, **LAFLEUR**, in fact return to the official city-county licensing office and to file for the appropriate and (required) title in which to legally sell the camper type motor home to Plaintiff, **KELLY**!

(19) As argued earlier within this concise civil complaint, Plaintiff, **KELLY**, is currently unable to file of a small claims action within the official Lewis and Clark County Justice court, and would be clearly unable to arrange for an official process server, or the Sheriff's civil division to effect service of process of the small claims civil complaint upon defendant, **LAFLEUR**, as such, and in that, now request federal jurisdiction sufficing service of process pursuant to rule (4) F.R.C.P., by mail per the clerk's office or service per the United States marshal by mail!

(20) Defendant, **LAFLEUR**, is currently and ongoing depriving Plaintiff, **KELLY**, of obtaining the ensured camper type

(11)

motor home title to the vehicle at which he has already paid to defendant, **LAFLEUR**, in the amount of, $2,500.

(21) Defendant, **LAFLEUR**, has in fact with 100% <u>clear intent</u>, <u>defrauded</u>, conned, and most corruptively cheated Plaintiff, **KELLY**, out of, $2,500, engaging into a clear pattern and conspiracy, where she has in fact upon a <u>previous occation</u> attempted to sell to another victom whom which resides within the confines of the official Helena campground located on North Montana avenue, her own personal camper, where the victom had in fact reported to the official Lewis and Clark county Sheriff's office that, **LAFLEUR**, in fact obtained a (frivolous) title to her camper at which she in

(12)

fact attempted to sell to the other victom! Lewis and Clark County Sheriff's office, (call for Service/C.F.S.), shall in fact suffice this concise event! Civil (RICO) applies here. Conspiracy to defraud, and a consistent pattern!!

## FEDERAL QUESTION PRESENTED

(22) Because a defendant in a civil matter, most corruptively, and fraudulently <u>conceals</u> her physical address, depriving a potential plaintiff party to bring/file a small claims action in the local county courts, and to competently arrange for service of process of the small claims civil complaint to be effected upon defendant, so can a federal court hear the case, assert federal jurisdiction, and direct service (by mail), pursuant to rule (4) F.R.C.P.

(13)

### CLAIM ONE

(23) Defendant, has engaged into a practice, and continuous custom of common law fraud, nudging accross the fine line into racketeering, corruption and fraud with <u>intent</u>, defrauding plaintiff out of monies as such!

### CLAIM TWO

(24) Plaintiff, is unable to bring a small claims action in the local county court's, in that, he does not obtain a physical address for defendant sufficing that a civil process server or the sherrit's civil division can in fact affect service of process upon defendant, however, in federal court service can be effected by rule (4), by mail.

(14)

WHEREFORE, upon the premises considered, it is respectfully reqested upon this honorable court the entry of a judgment for, (a) declaratory judgment finding that defendant is currenly and unlawfully concealing a clear title to the motor home/camper at which she sold to plaintiff, (b), find that defendant is further corruptively concealing her physical address where plaintiff is in fact deprived of serving defendant with a small claims civil complaint, (c) enter a concise judgment finding that federal court jurisdiction is proper where plaintiff can litigate and arrange service upon defendant pursuant to rule (4) F.R.C.P., and, (d) enter an injunctive order enjoining defendant from continuing to defraud plaintiff out of a valid and competent title!

(15)

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 9th, day of September, 2020.

Stephen P. Kelly
(SIGNATURE OF PLAINTIFF)

(16)